******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., concurring. I agree with the majority's construction of the Uniform Relocation Assistance Act (URAA), General Statutes §§ 8-266 through 8-282, and its conclusion that the affirmative defense in General Statutes § 8-270a is applicable only in a civil action for the reimbursement of displacement costs, but does not preclude the imposition of a lien on the landlord's property pursuant to General Statutes §§ 8-268 (a) and 8-270 (a). I disagree with the majority, however, that this conclusion is dictated by the plain and unambiguous language of the URAA. In my view, the inclusion of an affirmative defense in § 8-270a, but the exclusion of such a defense in the lien provisions of §§ 8-268 (a) and 8-270 (a), renders the statutory scheme ambiguous because it is plausible that a landlord with a valid affirmative defense under § 8-270a is not "liable for any payments made [under the URAA]" and, therefore, that the lien "to secure repayment to the town, city or borough or the state of such payments" is invalid. General Statutes § 8-268 (a); accord General Statutes § 8-270 (a); see, e.g., *Ledyard* v. *WMS Gaming, Inc.*, 338 Conn. 687, 698, 258 A.3d 1268 (2021) (if text of statute "allows for more than one plausible meaning," we "deem it ambiguous for purposes of the [General Statutes] § 1-2z analysis"). See generally *Seramonte Associates*, *LLC* v. *Hamden*, 345 Conn. 76, 112–118, 282 A.3d 1253 (2022) (*Ecker, J.*, concurring in the judgment) (explaining importance of proper interpretative methodology under § 1-2z).

That said, I am persuaded that the better reading of the relevant statutes resolves this case in favor of the defendant, the city of Hartford. The defendant's construction of the relevant statutes' texts and their interrelationship is more plausible for the reasons ably recited in the majority opinion. My review of extratextual evidence of legislative intent reinforces this view; as the majority observes, "the relevant legislative history indicates that the legislature passed § 8-270a and the lien

provisions in §§ 8-268 and 8-270 with full awareness that landlords would still be liable to municipalities in the first instance for relocation costs under circumstances in which landlords were not at fault." Footnote 4 of the majority opinion; see 25 H.R. Proc., Pt. 16, 1982 Sess., pp. 5370–71, remarks of Representatives Thomas P. Brunnock and Paul J. Garavel. Accordingly, I concur in the majority opinion.